UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLLE ST. PIERRE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF UKIAH, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-08320-JD<br><br>**ORDER RE IFP APPLICATION, DISMISSAL, AND ECF FILING PRIVILEGES** |

Pro se plaintiff Kylle St. Pierre has alleged a vast array of claims against defendants City of Ukiah, and Mendocino County and an affiliated commission. The operative amended complaint is over 100 pages long with attachments. Dkt. No. 12. St. Pierre has applied to proceed in forma pauperis (IFP). Dkt. No. 2. He has also filed multiple requests for a temporary restraining order, expedited discovery, and a protective order. *See* Dkt. Nos. 3, 5, 6, 7, 12-18. The IFP application is denied. The amended complaint is dismissed, and the requests for preliminary relief are terminated as moot.

IFP requests are evaluated under 28 U.S.C. § 1915, and the first question is whether the plaintiff's financial status excuses payment of the court's filing fees. The answer is no. St. Pierre indicated that he is self-employed, and his monthly income exceeds his expenses. Dkt. No. 2. He also has a positive balance in a bank account. *Id.* In these circumstances, IFP status is not warranted.

The next question is whether the complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The standard is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As a pro se plaintiff, St. Pierre gets a liberal construction of his complaint and the benefit of any doubts, but he still

must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim. *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-01514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015).

Even when read with a generous eye, the amended complaint does not plausibly allege a claim. The amended complaint is an incomprehensible mass of allegations that appear to involve a property parcel in Mendocino County. Much of it consists of anecdotes and asides of no obvious factual or legal import. Overall, the amended complaint did not satisfy the requirement of providing a short and plain statement showing that St. Pierre might be entitled to relief. *See* Fed. R. Civ. P. 8(a).

Consequently, the complaint is dismissed with leave to amend. St. Pierre may file a second amended complaint by November 3, 2025. This will likely be the final opportunity to state a plausible claim. St. Pierre does not appear to be a lawyer admitted to practice in California or this District, and so may not represent any person or entity other than himself. All of the other motions and requests filed by St. Pierre are terminated without prejudice. *See* Dkt. Nos. 3, 5, 6, 7, 12-18.

St. Pierre must follow the Federal Rules of Civil Procedure, the District's Local Rules, and the Court's standing orders. Motions may be noticed only in conformance with the Court's civil calendar rules, and all other rules must be followed.

With respect to ECF filing privileges, St. Pierre is filing an excessive number of documents in this case. He may file a second amended complaint only pending further order of the Court. Any other ECF filings by St. Pierre will be summarily stricken from the docket, and the Court will terminate his ECF filing privileges.

A failure to meet the November 3, 2025, filing deadline, or otherwise comply with this order, will result in dismissal of the case under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 9, 2025

JAMES DONATO
United States District Judge

2