UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KYLLE ST. PIERRE,

        Plaintiff,

    v.

CITY OF UKIAH, et al.,

        Defendants.

Case No.  25-cv-08320-JD

**ORDER RE EX PARTE TRO APPLICATION, REQUEST TO AMEND, AND RULE 41(B) WARNING**

Pro se plaintiff St. Pierre's ex parte application for a TRO, Dkt. No. 52, is denied.  The TRO is directed at the California Department of Forestry and Fire Prevention (CAL FIRE), which is not a party in this case.  St. Pierre did not provide any facts to establish that CAL FIRE comes within the categories of persons who may be bound by a TRO.  *See* Fed. R. Civ. P. 65(d)(2).  St. Pierre suggested that some or all of the named defendants work "in concert" with CAL FIRE, Dkt. No. 56 at 2, but did not provide any evidence to support that theory.

An ex parte TRO in this case is not warranted.  St. Pierre did not demonstrate that he gave notice to CAL FIRE of the application.  He did not provide specific facts in an affidavit stating why a TRO should be issued without notice.  *See* Fed. R. Civ. P. 65(b)(1)(A); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute."); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (the "circumstances justifying the issuance of an ex parte order are extremely limited").  Nothing in the record indicates that an ex parte proceeding might be appropriate.

St. Pierre did not demonstrate that he is likely to suffer irreparable harm without a TRO.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (moving party must "demonstrate

United States District Court
Northern District of California

that irreparable injury is *likely* in the absence of an injunction") (emphasis in original). St. Pierre alleges that CAL FIRE "suddenly demanded access to Plaintiff's gate" on one occasion on March 18, 2026. Dkt. No. 52 at ECF p. 2. Even assuming there was something wrong about CAL FIRE's conduct, which is not at all clear, St. Pierre did not provide any evidence that similar incidents are likely to occur. It is also not clear how St. Pierre was harmed by the alleged event, or why the ostensible harm might be deemed irreparable for purposes of injunctive relief.

St. Pierre did not demonstrate a likelihood of success on the merits. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) ("The first factor under *Winter* is the most important -- likely success on the merits.") (citation omitted); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012) ("At an irreducible minimum," the moving party "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation.") (cleaned up). The application did not establish a plausible claim of any sort against CAL FIRE, or provide any facts to indicate the CAL FIRE had engaged in wrongful conduct. Nothing in the third amended complaint makes up for this shortfall. Dkt. No. 30.

St. Pierre has been advised on multiple occasions that he may not file documents outside the usual course without the Court's prior authorization. *See* Dkt. Nos. 31, 36. The TRO application was filed in violation of this order. New filings without authorization will be summarily stricken from the ECF docket and disregarded without further order. St. Pierre is advised that continuing violations of the order may result in dismissal of his case under Federal Rule of Civil Procedure 41(b).

St. Pierre's request to "supplement" the third amended complaint with the alleged CAL FIRE incident, Dkt. No. 52 at ECF p. 1, is denied.

**IT IS SO ORDERED.**

Dated: April 10, 2026

JAMES DONATO
United States District Judge