UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KYLLE ST. PIERRE,

          Plaintiff,

    v.

CITY OF UKIAH, et al.,

          Defendants.

Case No.  25-cv-08320-JD

**SECOND ORDER RE DISMISSAL**

This case, filed by pro se plaintiff St. Pierre, started a scant seven months ago and has already traveled a rocky road.  Among other documents, St. Pierre filed applications for TROs and injunctions, which were denied, *see* Dkt. Nos. 19, 57, and flooded the docket with an excessive number of filings.  The Court directed St. Pierre on several occasions to limit his filings in specific ways.  *See* Dkt. Nos. 19 at 2, 26, 31, 36.  He did not do so, and his ECF filing privileges were ultimately terminated for failing to follow the Court's orders.  Dkt. No. 36.

The history of St. Pierre's complaints is equally bumpy.  The original complaint was supplanted by an amended complaint that was dismissed because it did not plausibly allege a claim.  Dkt. No. 19 at 2.  As the Court stated, the amended complaint was an "incomprehensible mass of allegations that appear to involve a property parcel in Mendocino County."  *Id*.  The amended complaint also raised a question of whether St. Pierre was suing on behalf of himself or as a trustee for an alleged trust, which he could not do as a pro se litigant.  *Id*.  He was given leave to amend and expressly advised that further amendment would be unlikely.  *Id*.

St. Pierre filed two versions of a second amended complaint.  Dkt. Nos. 20, 22.  These were followed by motions to "amend/correct" the second amended complaint, which in effect asked to file a third amended complaint (TAC).  Dkt. Nos. 28, 29, 30.  The Court approved the filing of the

TAC even though it violated the Court's order about new filings.  Dkt. No. 31.  St. Pierre then filed a new version of the TAC, which again violated the Court's order, and which was stricken from the docket for that reason.  Dkt. No. 36.

The TAC at Dkt. No. 30 is the operative complaint.  Each of the local government defendants has asked to dismiss it under Federal Rule of Civil Procedure 12(b)(6).  Dkt. Nos. 38, 40, 41.  The TAC is dismissed and the case is closed.

The problem with the TAC is the same problem that has affected St. Pierre's case from day one:  an actionable incident and plausible claims are impossible to glean from the seemingly random strings of statements St. Pierre presents.  The main premise of the TAC is that defendant City of Ukiah "unlawfully appropriated Plaintiff Kylle St. Pierre's vested emergency corridors and roads on a 160-acre parcel without compensation, causing $50-100M devaluation (66-78% loss over 20 years, annualized $18-32M at 5% rate)."  Dkt. No. 30 ¶ 1.  The main claim based on this premise is for "Takings (Fifth Amendment)," which is alleged in a hodgepodge of cryptic statements such as "[a]nnexation/trails appropriated corridors without compensation, lacking nexus/proportionality," "[i]gnored fire warnings created dangers," and "[i]nverse condemnation (*Klopping*)."  *Id*. ¶¶ 15-17.

It is not possible to discover a plausible claim in these allegations.  The property right that is said to have been "appropriated," and the nature of the appropriation, are not identified.  The factual basis for suggesting that Ukiah acted "unlawfully" is not stated.  Facts that might establish the alleged devaluation of $50 to $100 million are missing.  Even if these shortcomings were overlooked purely for the sake of discussion, it bears mention that "mere diminution in the value of property, however serious, is insufficient to demonstrate a taking."  *Concrete Pipe & Prods. of California, Inc. v. Constr. Laborers Pension Tr. for S. California*, 508 U.S. 602, 645 (1993).

The other ostensible claims in the TAC are equally opaque.  To take two representative examples, the claim for "Due Process/State-Created Danger" is a handful of non-sequitur sentences such as "[c]ustom of opacity (*Monell*).  Violates Farm Bureau anti-sprawl policies."  Dkt. No. 30 ¶ 19.  The claim for "Procedural Due Process" also strings together rather random comments such as "[z]oning violates MFCB anti-sprawl (LU-8.3), burdening parcels," and

United States District Court
Northern District of California

"ignoring rural impacts caused $500K liability under *Preminger*." *Id*. ¶¶ 28, 29. The other claims go on in like fashion.

The Court has consistently afforded St. Pierre the generous consideration given to pro se litigants. Even so, he "still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim." *Nordin v. Scott*, No. 3:21-CV-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021) (citation omitted), *aff'd*, No. 22-15816, 2023 WL 4418595 (9th Cir. July 10, 2023). The TAC does not plausibly allege a claim, and is dismissed. The Court need not reach defendants' other arguments for dismissal.

St. Pierre has now filed several complaints. He was afforded leave to amend after entry of a dismissal order that identified the shortcomings in his complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). At this point in the case, further amendment would be an exercise in futility, and so the case is dismissed without prejudice. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995) (per curiam). All pending motions are terminated.

**IT IS SO ORDERED.**

Dated: April 23, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3